PER CURIAM.
This matter is before the Court on Petition to Approve Conditional Guilty Plea and to Enter Final Order of Discipline.
On February 5, 1980, The Florida Bar filed its petition alleging:
1. On June 8, 1979, the Thirteenth Judicial Circuit Grievance Committee “B” submitted a probable cause report reflecting its decision that probable cause existed to believe that Respondent had violated certain disciplinary rules of The Florida Bar Code of Professional Responsibility and unanimously recommending that confidentiality be waived.
2. On July 12, 1979, the Board of Governors of The Florida Bar voted to waive confidentiality.
3. On July 23, 1979, The Florida Bar filed a two count complaint against Respondent, alleging the following:
COUNT I
1. Respondent, B. Garnett Page, is and at all times hereinafter mentioned was, a member of The Florida Bar, subject to the jurisdiction and disciplinary rules of the Supreme Court of Florida.
2. This complaint is filed by The Florida Bar at the direction of the Board of Governors.
3. Respondent agreed to represent Mr. Charles T. Berry in a foreclosure action.
4. On or about February 24, 1978, Respondent received from Mr. Charles T. Berry $150.00. This payment was made for the purpose of covering the cost of publishing a notice of foreclosure in a newspaper.
5. On or about June, 1978, Mr. Charles T. Berry informed Respondent that he had a buyer for his home available. Mr. Berry also informed Respondent that the sale was possible only upon completion of the foreclosure action.
6. On or about June, 1978, Respondent informed Mr. Charles T. Berry that all necessary publications had been completed and that everything would be completed within 28 days, or words to that effect.
7. By letter of November 27, 1978, Mr. Charles T. Berry,- through his wife, Ruth A. Berry, made a written request to Respondent for return of the $150.00.
8. Respondent failed to cause to be published any notice of this foreclosure action.
9. Respondent failed to return to Mr. Charles T. Berry the $150.00 payment for publication costs.
10. Respondent failed to take any action concerning his representation of Mr. Charles T. Berry in a foreclosure action.
11. Due to Respondent’s failure to act in this manner, Mr. Charles T. Berry was unable to consúmate [sic] the sale of his property to the prospective buyers in mid-1978 and was therefore prejudiced.
12. By reason of the foregoing, Respondent violated Fla. Bar Code Prof. Resp., D.R. 1-102(A)(1), (4), (5), (6); D.R. 2 — 106(A); D.R. 2-110(A)(2), (3); D.R. 6-101(A)(3); D.R. 7-101(A)(l), (2), (3); D.R. 9-102(B)(4); and Canon 9.
COUNT II
[13.] On April 30, 1976, Respondent entered into a contract for representation of Ernest Franklin to institute all necessary actions concerning Mr. Franklin’s cláim against his prior employer and union. .
[14.] Approximately 1 year after signing of this contract Mr. Ernest Franklin paid Respondent $100.00 to cover the costs of filing suit in Federal Court.
*1359 [15.] In 1977, and subsequent to receiving the $100.00 costs deposit, Respondent stated to Mr. Ernest Franklin that suit had been filed in Federal Court in this matter, or words to that effect.
[16.] On or about October 5, 1978, pursuant to Mr. Franklin’s request, Respondent returned the file concerning Mr. Franklin’s claim against Continental Can Company and the United Steelworker’s Union to Mr. Franklin.
[17.] Prior to Respondent’s return of the file to Mr. Franklin, Respondent failed to file suit on behalf of Mr. Franklin against Continental Can Company and/or International Steelworker’s Union AFL/CIO.
[18.] Prior to Respondent’s return of the file to Mr. Franklin, the statute of limitations had expired on Mr.' Franklin’s claim against Continental Can Company and United Steelworker’s Union.
[19.] Respondent failed to return to Mr. Ernest Franklin the $100.00 which represented the cost of filing suit.
[20.] By reason of .the foregoing, Mr. Ernest Franklin was prejudiced in his claim against Continental Can Company and/or International Steelworker’s Union AFL/CIO.
[21.] By reason of the foregoing, Respondent [violated Fla. Bar Code Prof. Resp., D.R. 1-102(A)(1), (4), (5), (6); D.R. 2-106(A); D.R. 2-110(A)(2), (3); D.R. 6-101(A)(3); D.R. 7-101(A)(1), (2), (3); D.R. 9-102(B)(4); and Canon 9.
4. .On December 5, 1979, Respondent signed a Conditional Guilty Plea for Consent Judgment. The Conditional Guilty Plea was tendered in exchange for the following disciplinary measures: 1) a public reprimand to be published in the Southern Reporter; 2) three (3) year probationary period with a condition of probation to include the preparation and filing of a report stating the status of each pending case of Respondent. The initial report to be filed six (6) months after final Supreme Court action and all subsequent reports to be filed every sixth month thereafter; 3) payment of all costs relating to the proceedings.
5. On January 10, 1980, the Board of Governors of The Florida Bar approved Respondent’s Conditional Guilty Plea.
The Petition to Approve Conditional Guilty Plea and to Enter Final Order of Discipline is granted, and Respondent, B. Garnett Page, is hereby disciplined by public reprimand to be published in the Southern Reporter based upon the facts set forth above. Further,- Respondent is hereby placed on probation for a period of three years from the date of this opinion. During this period Respondent shall file with Staff Counsel of The Florida Bar and the Clerk of this Court reports of his activities as an attorney. The initial report shall be filed six months from this date and all subsequent reports shall be filed every sixth month thereafter.
Costs in the amount of $201.25 are hereby taxed against the Respondent.
It is so ordered.
ADKINS, Acting C. J., and BOYD, OVERTON, SUNDBERG and ALDERMAN, JJ., concur.